PER CURIAM:
Claimant brought this action to recover for damages to his 1996 Cadillac SLS Seville which occurred when he was traveling on 1-79 in Marion County. Claimant was unable to avoid apiece of concrete in the highway when he was driving across a bridge on the interstate. His automobile struck the piece of concrete and sustained damages. Respondent is responsible for the maintenance ofI-79 in Marion County. The Court is of the opinion to make an award to claimant for the damages to his vehicle for the reasons set forth herein below.
Claimant was proceeding southbound on 1-79 in Marion County on March 25,2002, at about 9:50 a.m. in a misty rain when he observed an object approximately one hundred feet in front of him on the bridge deck. He was traveling at around 70 miles per hour. There was a tractor-trailer passing him in the left lane and the bridge abutment to his right so he was unable to avoid driving over the object in his lane of travel. The object was a piece of concrete described by claimant as being about the size of a basketball. Claimant returned to the accident scene a few days later and observed the broken pieces of the concrete on the edge of the bridge. He was of the opinion that it was a piece of concrete that had come up from the surface in the middle of the bridge. The concrete struck the underneath portion of claimant’s automobile causing damage to the fuel tank and the pump module. It was necessary for claimant to have his automobile towed from the scene. He incurred $1,127.04 for the repairs and towing bill but he has a $1,000.00 deductible provision in his comprehensive insurance coverage so any recovery will be limited to the amount of the deductible.
Respondent’s transportation crew chief for this portion of 1-79, Norman Cunningham, testified that he was familiar with this particular bridge and that the bridge deck had cracks in the concrete which allowed pieces of concrete to come up from the deck. On March 23, 2001, respondent’s employees had been working on I-79 to fill various holes with cold mix. He opined that the crew would have removed any loose concrete if it was noticed by the crew. However, there is no way for respondent’s employees to know when a piece of concrete is going to come out of a bridge deck.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins vs. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman vs. Dept. of Highways, 16 Ct. Cl. 103 (1986).
*282 The Court has reviewed the particular circumstances of this claim and has determined that claimant may make a recovery. 1-79 is a major artery in Marion County, and, as such, it is maintained on a first priority basis. Where the surface of a bridge is in a state such that large chunks of concrete come up from the bridge deck creating a hazardous condition forthe traveling, the respondenthas a duty to be aware of such condition and to take measures to protect the traveling public. This was not done in the instant claim. Therefore, the Court finds respondent was negligent in its maintenance of the bridge deck on the date of claimant’s accident and claimant may make a recovery for the damages to his automobile.
Accordingly, the Court makes an award to claimant in the amount of $1,000.00.
Award of $1,000.00.